IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALONZO L. TAYLOR,<br><br>           Petitioner,<br><br>  v.<br><br>JIM HAMLET, Warden,<br><br>           Respondent.<br>_____ | No. C 03-0592 MMC (PR)<br><br>**ORDER RE: PETITION FOR WRIT OF HABEAS CORPUS; DIRECTING RESPONDENT TO FILE STIPULATION OR NOTICE OF INTENT NOT TO FILE STIPULATION WITH RESPECT TO FINE** |

Petitioner, a California prisoner proceeding pro se, filed the above-entitled petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On remand from the United States Court of Appeals for the Ninth Circuit, this Court ordered respondent to show cause why the petition should not be granted. Respondent has filed an answer and memorandum in support thereof. Although granted an opportunity to do so, petitioner has not filed a traverse.

## BACKGROUND

While serving a sentence on an unrelated offense, petitioner received a letter containing marijuana. He pleaded nolo contendere to a violation of California Penal Code § 4573.6, possession of a controlled substance while in prison, and was sentenced to a term of four years in state prison along with a fine of $800.[1] On direct appeal petitioner challenged his conviction, alleging imposition of the fine was a breach of his plea agreement

---

[1] The sentence provided for two $800.00 restitution fines; the second fine was suspended, conditioned on petitioner's not violating the terms of his parole.

1 and that he would not have entered the plea had he known such fine would be imposed.  The
2 California Court of Appeal found petitioner had not been informed of the fine prior to
3 entering his plea, reduced the fine to $200, held a penalty in that amount was not significant
4 in the context of the plea agreement as a whole, and affirmed petitioner's sentence.  The
5 Supreme Court of California denied review.

## DISCUSSION

A.     Standard of Review

This Court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a); Rose v. Hodges, 423 U.S. 19, 21 (1975).

A district court may not grant a petition challenging a state conviction or sentence on the basis of a claim that was reviewed on the merits in state court unless the state court's adjudication of the claim: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d); Williams v. Taylor, 529 U.S. 362, 412-13 (2000).  Habeas relief is warranted only if the constitutional error at issue had a "'substantial and injurious effect or influence in determining the jury's verdict.'" Penry v. Johnson, 532 U.S. 782, 796 (2001) (quoting Brecht v. Abrahamson, 507 U.S. 619, 638 (1993)).  A federal court must presume the correctness of the state court's factual findings.  28 U.S.C. § 2254(e)(1).

B.     Legal Claim

The claim set forth in the petition reads, in its entirety:

Petitioner Denied Due Process When Ability To Pay Hearing Not provided Where Penalty Assessment & Fines Imposed
Negotiated plea entered for 4 year term.  Day of sentencing, Petitioner appeared and additional two $800 restitution fines imposed.  Subsequently modified by Court of Appeal, Petitioner exposed to punishment and fines not

2

part of agreement.

Petition at 5. This Court dismissed the claim as not cognizable because the challenge to the restitution fines did not affect the fact or duration of petitioner's custody. See Calderon v. Ashmus, 523 U.S. 740, 747 (1998) (limiting § 2254 habeas to challenges to fact or duration of custody); United States v. Thiele, 314 F.3d 399, 400 (9th Cir. 2002) (finding challenge to restitution fine not cognizable on habeas). Petitioner appealed. Although the United States Court of Appeals for the Ninth Circuit agreed with the above analysis, the Ninth Circuit further held: "[Petitioner] also contends that his plea was involuntary because he would not have entered it had he known that the trial court would impose restitution. See Torrey v. Estelle, 842 F.2d 234, 235 (9th Cir. 1988) (defendant entitled to be informed of direct consequences of plea)." See Taylor v. Hamlet, No. 03-15676, slip op. at 2 (9th Cir. 2004).[2] The Court now addresses this claim.

As noted, the California Court of Appeal found petitioner, prior to entering his plea, was not informed of the possibility of his receiving a fine, a factual finding not disputed by either party. People v. Taylor, No. H022294, slip op. 1, 4 (Cal. Ct. App. Nov. 7, 2001) (hereinafter "slip op"). That court, however, did not address the claim identified by the Ninth Circuit, namely, whether petitioner's lack of knowledge of the fine rendered his plea involuntary. Instead the state court determined the fine to be an immaterial breach of the plea agreement under People v. Walker, 54 Cal.3d 1013 (1991). Slip op. at 5.

The Supreme Court has held that due process requires a guilty plea to be both knowing and voluntary. Boykin v. Alabama, 395 U.S. 238, 242-43 (1969). A plea is not

---

[2] This Court had not addressed the additional issue, as the petition contains no reference to an "involuntary" plea or any statement to the effect petitioner would not have entered his plea had he known he would be assessed a restitution fine. In his request for a certificate of appealability, petitioner did reference his state court motion to set aside the fine or to withdraw the plea, wherein he stated he would not have entered the plea had he known about the fine. That motion, however, was not attached to the instant petition or to the request for a certificate of appealability, nor was it otherwise provided to this Court prior to the dismissal of the petition or the appeal thereof to the Ninth Circuit. The motion is included in the state court record that subsequently was lodged with this Court. See Resp. Ex. 2.

voluntary unless it is "entered by one fully aware of the direct consequences" of the plea. Brady v. United States, 397 U.S. 742, 755 (1970).  Although the United States Supreme Court has not provided a precise definition of a "direct consequence" of a guilty plea, a "direct consequence" has been defined by the circuit courts as anything having a definite, immediate, and largely automatic effect on the range of punishment, see e.g., Wilson v. McGinnis, 413 F.3d 196, 199 (2nd Cir. 2005); Bryant v. Cherry, 687 F.2d 48, 49-50 (4th Cir. 1982); Warren v. Richland County Circuit Court, 223 F.3d 454, 457 (7th Cir. 2000); Torrey v. Estelle, 842 F.2d 234, 236 (9th Cir. 1986), and a number of those courts have held that a fine must be disclosed to a defendant in order for the plea to be found voluntary, see e.g., Fong v. United States, 411 F.2d 1181 (9th Cir. 1969); Barbee v. Ruth 678 F.2d 634, 635 (5th Cir. 1982); United States v. Salmon, 944 F.2d 1106, 1130 (3rd Cir. 1991).  In the instant case, the fine was imposed pursuant to California Penal Code § 1202.4, which mandates imposition of a fine ranging from $200 to $10,000 for a felony conviction, absent a finding by the trial court of "extraordinary and compelling reasons not to do so."  See Cal. Pen. Code § 1202.4(b).  Consequently, every person convicted of a felony in the state of California faces the possibility and, indeed, probability, that a fine will be imposed as a consequence of his conviction.  Exposure to such penalty thus is a direct consequence of a defendant's plea, of which the defendant must be made aware in order to satisfy the knowing-and-voluntary standard set forth in Boykin.  It follows that the trial court's failure to notify petitioner of the restitution fine at issue herein rendered his plea involuntary and, in turn, violated his Fourteenth Amendment right to due process.

This constitutional error, however, does not by itself necessitate the granting of habeas relief.  This Court next must decide if the constitutional error resulted in "actual prejudice," i.e., that it "had a substantial and injurious effect or influence" on the outcome of the case. See Brecht v. Abrahamson, 507 U.S. 619, 637 (1993) (quoting Kotteakos v. United States, 328 U.S. 750, 776 (1946)); Carter v. McCarthy, 806 F.2d 1373, 1377 (9th Cir. 1986) (finding failure to inform petitioner of direct consequence of plea was subject to harmless error

4

analysis).[3]

Here, as set forth in the Ninth Circuit's opinion, petitioner contends he would not have pled guilty if he had known a fine would be imposed. Respondent argues that such assertion "strains credulity" because petitioner faced a potential Three Strikes sentence of 25 years to life plus up to $10,000 in fines if convicted after a trial, and that there was strong evidence of his guilt.[4] Nonetheless, what petitioner considered important in this case may have differed from the considerations weighed by many other defendants, because at the time of the plea at issue, petitioner already was serving a life sentence. Moreover, respondent cites no authority, and this Court is aware of none, allowing the Court, given the claim presented herein, to make such a credibility determination without hearing evidence on the issue. In Carter, for example, the district court's factual determination, that the petitioner therein would not have pled guilty had he known about a mandatory parole term, was made only after that court had conducted an evidentiary hearing.[5] See id. It thus would appear necessary for the Court to conduct an evidentiary hearing for the purpose of determining whether petitioner would have pled guilty had he known he would be subject to a $200 restitution fine.

Prior to setting an evidentiary hearing, and appointing counsel to represent petitioner for that purpose, however, the Court will afford respondent the opportunity to obviate the need for such hearing, specifically, by stipulating that petitioner may be relieved of his

---

[3]As Carter was decided before Brecht, it applied the pre-Brecht harmlessness standard set forth in Chapman v. California, 386 U.S. 18 (1967). 806 F.2d at 1377.

[4]At the preliminary hearing, a corrections officer testified that marijuana was found in an envelope sent to petitioner. The officer further testified that he thereafter interviewed the person who sent petitioner the marijuana and that the sender advised him she had visited petitioner in prison, at which time she and petitioner discussed her sending him the marijuana; she also told the corrections officer she had sent petitioner marijuana on two occasions prior to the instant violation.

[5]The Court is aware that, on occasion, courts, without conducting a hearing, have found the failure to inform a defendant of the consequences of his plea to be harmless. See United States v. Littlejohn, 224 F.3d 960, 969-71 (9th Cir. 2000); United States v. Raineri, 42 F.3d 36, 41-42 (1st Cir. 1994). Those cases, however, involved error under Rule 11 of the Federal Rules of Criminal Procedure, not the constitutional question at issue here and in Carter.

obligation to pay the $200 restitution fine imposed in connection with his guilty plea.[6]  See, e.g., id at 1377 (affirming, where defendant had not been informed of mandatory parole, district court's order directing parolee's immediate release from parole in lieu of remanding case to state court); see also Brown v. Poole, 337 F.3d 1155, 1161-62 (9th Cir. 2003) (ordering petitioner's immediate release, rather than remanding to state court, where petitioner's sentence was in breach of plea agreement and defendant had served in excess of sentence for which she had bargained).

**CONCLUSION**

In light of the foregoing, the Court orders as follows:

1.      Before the Court can determine whether the trial court's error, specifically, the failure to inform petitioner he would be assessed a restitution fine as a consequence of his guilty plea, constituted harmless error, an evidentiary hearing is necessary to resolve the question of whether petitioner would have entered the plea had he known he would be assessed the fine.

2.      Within **30 days** of the date this order is filed, respondent shall file either (1)  a stipulation and proposed order relieving petitioner of his obligation to pay the $200 restitution fine imposed, or (2) a notice that respondent does not stipulate to such an order.  A reasonable extension of the 30-day deadline will be granted upon a showing of good cause. If respondent elects not to file the foregoing stipulation and proposed order, the Court will schedule the evidentiary hearing described above, and will appoint counsel to represent petitioner in connection therewith pursuant to 18 U.S.C. § 3006A.

IT IS SO ORDERED.

DATED: April 28, 2006

_____
MAXINE M. CHESNEY
United States District Judge

---

[6] As noted, imposition of a restitution fine is not mandatory under California Penal Code § 1202.4, which provides that the fine need not be imposed if there are "compelling and extraordinary reasons for not doing so."  See Cal. Pen. Code § 1202.4(b).  The constitutional error resulting from the trial court's failure to inform petitioner of the fine prior to his entry of the plea would appear to qualify as a "compelling and extraordinary" reason.